UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LARRY NEAL SHERMAN and RITA ROBINSON SHERMAN,<br><br>    Debtors<br><br>_____<br><br>JOHN R. SNIDER; CHARLES A. WENTLAND, and the WENTLAND FAMILY INVESTMENT GROUP, a California General Partnership,<br><br>    Plaintiffs/Appellants,<br><br>  v.<br><br>DENNIS M. HAUSER and HAUSER & MOUZES, a business entity, form unknown, and DOES 1-50, inclusive,<br><br>    Defendants/Appellees. | Case No. 2:08-CV-02402 JAM<br><br>ORDER AFFIRMING DECISION OF BANKRUPTCY COURT |

On October 2, 2008, the United States Bankruptcy Court for the Eastern District of California dismissed John R. Snider, Charles A. Wentland, and the Wentland Family Investment Group's (collectively, "Snider/Wentland's") First Amended Complaint for malicious prosecution without leave to amend pursuant to Rule 12(b)(6).

1

Snider/Wentland now appeal.  For the reasons stated below, the decision of the Bankruptcy Court is AFFIRMED.[1]

PROCEDURAL HISTORY

This matter has had a long and protracted history.  Larry Neal Sherman and Rita Robinson Sherman (the "Shermans"), filed a Chapter 7 bankruptcy petition in 1991.  On May 21, 1991, attorney Dennis M. Hauser through his firm Hauser and Mouzes (collectively, "Hauser"), filed an action against Snider/Wentland on behalf of the Shermans in Bankruptcy Court.  In February 1992, the parties stipulated to the voluntary dismissal of the action without prejudice to re-file in San Joaquin County Superior Court.

Subsequently, on March 11, 1992, Hauser filed an action against Snider/Wentland on behalf of the Shermans in state court. Hauser pursued claims against Plaintiffs after the trustee in bankruptcy for the Shermans was dismissed as a Plaintiff.  After several years of litigation, the state court granted a motion for non-suit because the Shermans were precluding from pursuing claims that they had failed to disclose in their bankruptcy schedules.

On November 10, 1999, Snider/Wentland filed a malicious prosecution action against the Shermans and Hauser in San Joaquin Court Superior Court ("Malicious Prosecution Action").  On October 21, 2001, Hauser removed the Malicious Prosecution Action to the Bankruptcy Court and filed a motion to dismiss pursuant to Rule 12(b)(6).  However, on September 17, 2002 the Bankruptcy Court remanded the Malicious Prosecution Action back to state court and struck Hauser's motion to dismiss.  This remand was then appealed

---

[1] This appeal was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

by Hauser to the United States District Court for the Eastern District of California.

On April 18, 2007, the Court (Judge Oliver W. Wanger) reversed the remand order, returning the Malicious Prosecution Action to the Bankruptcy Court. Hauser then renewed his motion to dismiss. The Bankruptcy Court dismissed the action with leave to amend, holding that Snider/Wentland's state causes of action were preempted. Snider/Wentland filed a First Amended Complaint, alleging essentially the same causes of action. Upon Hauser's renewed motion, the Bankruptcy Court dismissed Snider/Wentland's First Amended Complaint without leave to amend. Snider/Wentland filed a Notice of Appeal on October 10, 2008.

OPINION

Orders granting motions to dismiss pursuant to Rule 12(b)(6) are reviewed de novo. Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1029 (9th Cir. 2009). The Court accepts all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. Id.

In its First Amended Complaint, Snider/Wentland alleged causes of action for common law malicious prosecution and common law abuse of process.[2] This Court has already held that these claims were completely preempted by federal law, citing MSR Exploration v. Meridian Oil, 74 F.3d 910 (9th Cir. 1996). In MSR Exploration, the Ninth Circuit held that a state law malicious prosecution action was completely preempted by the provisions of the bankruptcy law. See also Gonzales v. Parks, 830 F.2d 1033 (9th Cir. 1987) (state

---

[2] Snider/Wentland also brought causes of action for fraud and for conspiracy to commit fraud, but have abandoned them on appeal.

3

law abuse of process claim preempted by bankruptcy law).

Snider/Wentland argue, however, that MSR Exploration is distinguishable. In MSR Exploration, the plaintiff brought a malicious prosecution claim based on a filing in the Bankruptcy Court. Therefore, plaintiff could have brought a federal claim based on the bankruptcy law. In the present case, Snider/Wentland's malicious prosecution action is based on the Shermans' suit against them filed in state court. Therefore, Snider/Wentland argue that they have neither a state nor federal claim. Snider/Wentland argue that their malicious prosecution and abuse of process claims should proceed in federal court as if they were federal claims and should not have been dismissed by the Bankruptcy Court.

Preempted state law claims must be supplanted by viable federal claims. The Ninth Circuit has stated:

> If federal law displaces state law, but does not supplant it with an analogous federal remedy, then the complaint simply does not "arise under" federal law as required by 29 U.S.C. § 1331. Preemption, in such a case, is a purely defensive allegation. But if federal law does provide a remedy, and the state law cause of action is also preempted, the complaint is susceptible to recharacterization as a federal cause of action permitting federal jurisdiction.

Williams v. Caterpillar Tractor Co., 786 F.2d 928, 932 n.2 (9th Cir. 1986), aff'd by Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987); see also Utley v. Varian Associates, Inc., 811 F.2d 1279, 1287 (9th Cir. 1987) (From this fiction of recharacterization stems the prerequisite for invoking the doctrine that not only must the federal cause of action 'completely preempt' the state cause of action, but it must also provide a 'superseding remedy replacing

4

1  the state law cause of action,'" Williams, 786 F.2d at 932, for if
2  no federal right of action exists under the preempting federal law,
3  recharacterization of the plaintiff's state law claim as a federal
4  claim is doctrinally impossible.")  However, after being given two
5  opportunities, Snider/Wentland have failed to state a federal cause
6  of action under the bankruptcy laws, insisting that their state law
7  malicious prosecution claim be allowed to proceed in federal court.
8  The Court may recharacterize a complaint as stating an existing
9  federal claim, but it may not invent a new federal cause of action.
10       In fact, Snider/Wentland did have potential recourse in the
11 Bankruptcy Court.  Although the Shermans' suit against
12 Snider/Wentland was filed in state court, the claim itself was an
13 asset of the bankruptcy estate.  As opposed to seeking dismissal in
14 state court, Snider/Wentland could have sought dismissal or other
15 sanctions in the Bankruptcy Court for failure to disclose the claim
16 on the bankruptcy schedules.  See MSR Exploration, 74 F.3d at 913
17 ("The fact that [plaintiff] did not avail itself of the remedy does
18 not suggest that the district court had no jurisdiction to
19 determine whether the purported malicious prosecution action was
20 preempted.").
21      The cases cited by Snider/Wentland involving the application
22 of state law in bankruptcy proceedings are inapposite.  In Restaino
23 v. Bah (In re Bah), 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005), the
24 bankruptcy court applied state law to a state pendent claim, not to
25 a federal claim.  The other cited by Snider/Wentland, Honigman,
26 Miller, Schwartz & Cohn v. Weitzman, 155 B.R. 521 (B.A.P. 9th Cir.
27 1993) references a malicious prosecution action proceeding in
28 bankruptcy court.  Weitzman, however, was decided before the Ninth

Circuit's holding in <u>MSR Exploration</u> that state malicious prosecution actions are preempted by the bankruptcy laws. Accordingly, because Snider/Wentland's First Amended Complaint failed to state a valid federal claim, it was properly dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated: July 16, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE